UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD FERGUSON, | No. 2:14-cv-0072 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On June 8, 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on May 11, 2012. (Transcript ("Tr.") at 13, 138-41.) Plaintiff's application was denied initially, (id. at 97-

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 8 & 10.)

101), and upon reconsideration. (Id. at 104-08.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 28, 2013. (Id. at 30-63.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 30-31.) In a decision issued on June 28, 2013, the ALJ found that plaintiff was not disabled. (Id. at 25.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since May 11, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: depressive disorder, anxiety disorder, and lumbar strain and degenerative disc disease (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). The claimant can lift and/or carry fifty pounds occasionally and twenty-five pounds frequently. He can occasionally climb ladders, ropes, or scaffolds, and can frequently climb ramps and stairs. The claimant can frequently stoop, kneel, crouch, and crawl. The clamant (sic) can understand, remember, and carry out simple job instructions. He can maintain concentration, persistence, and pace for simple job tasks. He can interact appropriately with supervisors, coworkers, and the public.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on June 25, 1953 and was 58 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/////

>    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
>    11. The claimant has not been under a disability, as defined in the Social Security Act, from May 11, 2012, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 15-25.)

On November 7, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's June 28, 2013. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 10, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

>    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

/////

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ erred by failing to properly evaluate plaintiff's VA disability rating. (Pl.'s MSJ (Dkt. No. 17) at 6-9.[2])

While a VA disability rating does not compel the Social Security Administration to reach an identical result, an ALJ "must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, "'because the VA and SSA criteria for determining disability are not identical,'" an ALJ may "'give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.'" Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009) (quoting McCartey, 298 F.3d at 1076). See also Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("We note that, on remand, the ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale, but if she deviates from final VA decisions, she

/////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

may do so based only on contrary evidence that is persuasive, specific, valid and supported by the record.").

Here, with respect to the VA's disability rating, the ALJ merely stated

> [Plaintiff] has a VA rating of 40% for his back pain (14F) and although he alleges it is worsening due to his stress and anxiety, he has not applied for a new determination from the VA regarding this condition and he is not currently receiving any treatment for lower back pain.

(Tr. at 19.)

Although the ALJ acknowledged the existence of the VA's disability rating, the ALJ failed to address what, if any, weight the ALJ assigned to that rating. Moreover, to the extent the ALJ afforded less than great weight to the VA's disability rating, the ALJ failed to offer any persuasive, specific and valid reason supported by the record for doing so. See McLeod v. Astrue, 640 F.3d 881, 886 (9th Cir. 2011) ("the VA disability rating must be considered and ordinarily must be given great weight"); Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010) (explaining that an ALJ may disagree with the VA's disability determination when giving "persuasive, specific, [and] valid reasons" supported by the record); Machia v. Astrue, 670 F.Supp.2d 326, 336 (D. Vt. 2009) ("While it is obviously important that the SSA consider material evidence upon which a VA determination is based . . . a rule requiring nothing more would permit adjudicators to completely ignore VA determinations – a proposition explicitly rejected by this and every other circuit to consider the issue."); cf. Valentine, 574 F.3d at 695 ("the acquisition of new evidence or a properly justified reevaluation of old evidence constitutes a 'persuasive, specific, and valid reason supported by the record' under McCartey for according little weight to a VA disability rating").

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to this claim.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021. See also Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this case should be remanded because "the record requires further development," and the court agrees. (Pl.'s MSJ (Dkt. No. 17) at 10.) Accordingly, this matter will be remanded for further proceedings. On remand the ALJ shall address the VA's disability rating. If the ALJ elects to afford less than great weight to the VA's disability rating of plaintiff, the ALJ shall give a persuasive, specific and valid reason, supported by the record for doing so.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 17) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 19) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: September 3, 2015

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\ferguson0072.ord.docx